IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREAT WHITE PRESSURE CONTROL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-881-D |
| | ) | |
| SEABOARD INTERNATIONAL, INC. d/b/a | ) | |
| SEABOARD WELLHEAD INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Stay Proceedings Pending Determination of Plaintiff's Motion to Remand [Doc. No. 12]. Defendant has responded in opposition to the Motion, and Plaintiff has filed a reply brief.[1] The Motion is thus at issue.

As suggested by the caption of the Motion, Plaintiff has moved to remand this case to state court based on a contention that Defendant has failed to allege sufficient facts to establish federal diversity jurisdiction under 28 U.S.C. § 1332. Defendant has moved for a permissive transfer of venue to a federal court in Texas pursuant to 28 U.S.C. § 1404(a). By the instant Motion, Plaintiff seeks a stay of further proceedings in this case, including a ruling on venue, until the jurisdictional issue is decided. Defendant opposes the Motion on the ground that there is no need to retain this suit in Oklahoma and the federal court in Texas may address the jurisdictional issue.

The Court finds Defendant's objection to resolving the jurisdictional issue as a preliminary matter is not well taken. The premise of Defendant's motion to transfer venue under § 1404(a) is necessarily a determination that the action is properly in this Court and "it might have been brought"

---

[1] The parties' response and reply briefs also address Plaintiff's Motion to Remand, which is the subject of a separate order.

in the transferee forum, that is, federal subject matter jurisdiction exists. *See* 28 U.S.C. § 1404(a); *see also Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (the words "might have been brought" permit transfer only to a district where plaintiff could have brought the action). Further, the determination of subject matter jurisdiction is a pivotal issue. If this case was improperly removed, federal district courts have no power to rule on any substantive motions, and all post-removal orders would be subject to later being vacated. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245-46 (10th Cir. 2005). Accordingly, the Court will decide whether Defendant has sufficiently alleged, and can establish, the existence of diversity jurisdiction before proceeding any further in the case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Proceedings [Doc. No. 12] is GRANTED. The Court will decide the jurisdictional issue before proceeding further in this case or addressing Defendant's request for a transfer of venue.

IT IS SO ORDERED this 30th day of October, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE