IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT WHITE PRESSURE CONTROL, LLC,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )<br>SEABOARD INTERNATIONAL, INC. d/b/a   )<br>SEABOARD WELLHEAD INC.,   )<br>  )<br>  Defendant.   ) | Case No. CIV-09-881-D |

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 11]. Defendant has responded in opposition to the Motion, and Plaintiff has filed a reply brief. With its response, Defendant has filed an Alternative Motion for Limited Discovery [Doc. No. 25], to which Plaintiff has responded.[1] Both motions are thus at issue.

Plaintiff commenced this action in the District Court of Oklahoma County, Oklahoma, on June 15, 2009. The First Amended Petition filed July 24, 2009, asserts claims to recover $82,218.16 allegedly due on an open account for services related to oil and gas production that Plaintiff provided to Defendant in Hill County, Texas. Defendant removed the case to federal court by a Notice of Removal filed August 12, 2009, based on the alleged existence of diversity jurisdiction under 28 U.S.C. § 1332. The Notice of Removal and the First Amended Petition allege facts to establish Defendant is a corporation and a citizen of Texas pursuant to § 1332(c)(1). Similarly, the Notice of Removal and the First Amended Petition allege facts that would establish corporate

---

[1] Defendant did not file a reply brief regarding its Motion within the time period provided by LCvR7.1(i). Defendant instead filed an Application for Leave to File Sur-Reply to Respond to New Issues Raised in Plaintiff's Reply Briefing [Doc. No. 33]. For reasons set forth below, the Court finds Defendant's proposed surreply brief is unnecessary to the issues currently presented.

citizenship of Plaintiff in Oklahoma under § 1332(c)(1). However, Plaintiff is a limited liability company rather than a corporation. Plaintiff moves to remand the case based on Defendant's failure to allege sufficient facts to establish subject matter jurisdiction based on diversity of citizenship.

In opposition to Plaintiff's Motion, Defendant argues its allegations are sufficient because a limited liability company should be treated like a corporation under § 1332(c)(1). Alternatively, if the Court agrees with Plaintiff's position that a limited liability company should be treated for jurisdictional purposes like a partnership or other unincorporated association, Defendant requests by its Motion an opportunity to conduct discovery to identify Plaintiff's owners or members and to determine their citizenship. Also, with the Court's permission, Defendant has supplemented its Notice of Removal in an effort to satisfy the rule advocated by Plaintiff. In the Supplement, Defendant alleges, "upon information and belief, that Plaintiff is not comprised of a single member who is a citizen of the State of Texas." *See* Def.'s Supplement [Doc. No. 28], ¶ 5. Defendant states this belief is based on a telephone conference between counsel for the parties in which one of Defendant's attorneys, Kellen Scott, inquired about the citizenship of Plaintiff's members and Plaintiff's attorney, Michael Smith, failed to identify any member who was a citizen of Texas. Defendant further alleges: "Mr. Smith reported to Mr. Scott that he was unable to provide the name of, or documentation identifying, any such member." *Id*.

In reply, Plaintiff disputes Defendant's basis for alleging in the Supplement that Plaintiff is not a citizen of Texas. Plaintiff relates another telephone conversation between the attorneys in which Mr. Smith attempted to respond to the inquiry concerning Plaintiff's citizenship and "stated his belief that one of Plaintiff's members may be a Texas citizen." *See* Pl.'s Reply Br. [Doc. No. 31], ¶ 3. Plaintiff also states, and provides an affidavit to show, that its controlling member is a limited liability company whose members include other limited liability companies, two of which

are owned by limited partnerships that each have more than 100 limited partners and include at least one resident of Texas. According to Plaintiff, the limited partnerships are private equity funds and the identities of their limited partners are considered confidential, proprietary information.

**Citizenship of a Limited Liability Company**

Contrary to Defendant's position, the question of how to determine the citizenship of a limited liability company remains undecided in this circuit. The issue was not discussed or expressly resolved in the case on which Defendant relies as binding precedent. *See Shell v. Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1162 (10th Cir. 2005). Nor was it decided in a more recent case cited by Plaintiff. *See Symes v. Harris*, 472 F.3d 754, 758-59 (10th Cir. 2006). However, every federal appellate court to decide the issue has ruled that the citizenship of a limited liability company is not governed by 28 U.S.C. § 1332(c)(1). *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citing cases). "All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Id*. The Ninth Circuit has explained this rule as follows:

> LLCs resemble both partnerships and corporations. Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). This treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations. *Carden* [*v. Arkoma Assocs.*], 494 U.S. [185] at 189, 110 S. Ct. 1015 [(1990)] (treating a limited partnership as having the citizenship of all its members); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456-57, 20 S. Ct. 690, 44 L. Ed. 842 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation"). This treatment is also consistent with the

> common law presumption that unincorporated associations are not legal entities independent of their members. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir.2002). We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

Applying the unanimous rule in this case, Defendant's Notice of Removal is insufficient to plead the existence of diversity jurisdiction because it contains no factual allegations regarding Plaintiff's citizenship. However, Defendant has supplemented the Notice of Removal to allege additional facts that became known to Defendant after Plaintiff moved to remand the case. Thus, the question now raised by Plaintiff's Motion is the sufficiency of Defendant's supplemental allegations and the effect of Plaintiff's evidence.

## Existence of Diversity Jurisdiction

Defendant alleges upon information and belief in its Supplement that Plaintiff has no member who is a Texas citizen. If unchallenged, this allegation is assumed to be true and may be sufficient to support diversity jurisdiction. *See*, *e.g.*, *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (allegations of citizenship based on information and belief "were sufficient as a matter of law to allege subject matter jurisdiction"); *cf. Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992) (allowing allegations of fraud to be "based on information and belief then the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief"). However, because Plaintiff has challenged Defendant's jurisdictional allegations and presented contrary facts, Defendant bears the burden to prove the truth of its allegations. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts

by a preponderance of the evidence"). Defendant candidly admits it lacks the necessary proof to establish the citizenship of Plaintiff's members. Further, based on the affidavit submitted by Plaintiff, the relevant facts lie under layers of ownership and concern other entities that are not parties to this case. *See*, *e.g.*, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Therefore, at this point, Defendant plainly cannot meet its burden to prove the existence of diversity jurisdiction.

### Opportunity for Discovery

Anticipating the possibility of an adverse ruling, Defendant's Motion requests an opportunity to conduct discovery on the factual issue of Plaintiff's citizenship. Defendant cites *McPhail*, 529 F.3d at 954, for the proposition that it is entitled to conduct discovery before the Court determines the issue of subject matter jurisdiction because Defendant lacks access to the necessary evidence. Plaintiff opposes Defendant's request on grounds that such discovery should have occurred before removal because the First Amended Petition was insufficient to trigger a right of removal and that such discovery would be futile because Plaintiff has already presented evidence that it has owners with members whose citizenship is not diverse.

In light of the lack of Tenth Circuit authority regarding the citizenship of a limited liability company, the Court declines to penalize Defendant for failing to ascertain necessary jurisdictional facts before filing its Notice of Removal. Further, the Court declines to decide the issue of jurisdiction based solely on the affidavit submitted by Plaintiff, without giving Defendant an opportunity to verify the information provided. However, the Court also rejects Defendant's suggestion in its Motion that, rather than requiring Defendant to employ the methods of discovery

provided by the Federal Rules of Civil Procedure, the Court should simply require Plaintiff to provide Defendant with a statement identifying Plaintiff's members and their citizenship. Plaintiff has, in effect, provided such a statement in the form of the submitted affidavit, which suggests some pertinent information rests in the hands of third parties and it may be more efficient for Defendant to conduct discovery directed at nonparties rather than Plaintiff. Also, Plaintiff's evidence indicates that certain information is proprietary, and thus, the entry of a protective order may be needed before a full disclosure is made. These discovery issues are better addressed through the usual means.

IT IS THEREFORE ORDERED that Defendant's Motion for Limited Discovery [Doc. No. 25] is GRANTED. The Court defers a ruling on Plaintiff's Motion to Remand [Doc. No. 11] pending the completion of such discovery.

IT IS FURTHER ORDERED that Defendant shall have 60 days to conduct any necessary discovery, limited to the issue of the citizenship of Plaintiff and its owners or members. During that time period, should Defendant discover facts that show diversity of citizenship is lacking, Defendant shall promptly inform the Court so that an expeditious ruling may be made. Otherwise, Defendant shall file a supplemental response to Plaintiff's Motion to Remand not later than January 20, 2010. Plaintiff may reply to Defendant's supplemental brief within 14 days thereafter.

IT IS FURTHER ORDERED that Defendant's Application for Leave to File Sur-Reply to Respond to New Issues Raised in Plaintiff's Reply Briefing [Doc. No. 33] is DENIED as moot.

IT IS SO ORDERED this 9th day of November, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE